**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4730

STEVEN JOHNSON, a/k/a Tootie, a/k/a
Too Low,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4816

GERALD SALLEY, a/k/a Arthur
Jackson, a/k/a G,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4963

LESTER JOHNSON, a/k/a Main,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4966

ANDRE MANIGAULT, a/k/a James
Manigault, a/k/a Goat,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4177

GERALD NOBLE, a/k/a Bell,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-488)

Argued: March 5, 1999

Decided: June 8, 1999

Before WILKINSON, Chief Judge, and WILKINS and
LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Christopher Mills, FAIREY, PARISE & MILLS,
P.A., Columbia, South Carolina, for Appellant Steven Johnson; Jack

2

Bruce Swerling, Columbia, South Carolina, for Appellant Noble; J. Dennis Bolt, BOLT, POPOWSKI, MCCULLOCH & STROM, Columbia, South Carolina, for Appellant Lester Johnson; James Whitney Boyd, Rock Hill, South Carolina, for Appellant Salley; Heather Lee Smith, Columbia, South Carolina, for Appellant Manigault. Sean Kittrell, Assistant United States Attorney, Columbia, South Carolina, for Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven Johnson, Lester Johnson, Gerald Salley, Andre Manigault, and Gerald Noble (collectively, "Appellants") appeal their convictions and sentences for various crimes arising out of a major drug conspiracy that existed in the early 1990s. We affirm.

I.

Steven Johnson, the leader and primary organizer of the conspiracy, began selling drugs in the early 1980s in downtown Columbia, South Carolina. After securing a Miami source for cocaine in 1989, Johnson expanded his operation, setting up a distribution center in a rural location off Brockington Road, near Columbia. Salley, Manigault, Noble, and Johnson's brother Lester were members of the core group of conspirators. Johnson sold two to three kilograms of cocaine base per week to mid-level and street-level dealers from this location.

Johnson subsequently moved his distribution outlet to Hughes Street in downtown Columbia. He continued to sell a high volume of cocaine base, approximately three kilograms per week. Although the core employees remained generally the same as they were before

Johnson changed locations, Johnson discontinued his day-to-day management of the distribution center, leaving that duty to Lester and another individual. Johnson continued, however, to supply cocaine to the Hughes Street outlet. As his business grew, Johnson recruited several people to sell for him away from the downtown location, and he, Lester, Manigault, Salley, and others often made deliveries to these other dealers.

Appellants were arrested and subsequently convicted of conspiracy to possess with the intent to distribute cocaine and cocaine base. See 21 U.S.C.A. § 846 (West Supp. 1998). Noble also was convicted of two counts of possession with the intent to distribute cocaine base, see 21 U.S.C.A. § 841(a)(1) (West 1981), and one count of using or carrying a firearm in relation to a drug trafficking crime, see 18 U.S.C.A. § 924(c)(1) (West Supp. 1998). Salley was convicted of two counts of possession with the intent to distribute cocaine base, see 21 U.S.C.A. § 841(a)(1), and one count of possession of cocaine base, see 21 U.S.C.A. § 844(a) (West Supp. 1998). All were given life sentences with the exception of Noble, who was sentenced to 540 months imprisonment.

II.

Although Appellants raise numerous allegations of error, only their contention that the district court erred in admitting evidence concerning threats of retaliation against Government informants warrants discussion. Appellants maintain that the evidence was improper character evidence and that its probative value was substantially outweighed by the danger that it would cause them unfair prejudice. See Fed. R. Evid. 403, 404(b). Rule 404(b) provides that evidence of prior bad acts is not admissible to prove a defendant's character in order to show conduct in conformity therewith, but is admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) does not apply to acts intrinsic to the crime charged. See United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). "Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. (internal quotation marks omitted). However, even if a prior bad act is extrinsic to the crime

4

charged, evidence of it is admissible under Rule 404(b) if it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996) (internal quotation marks omitted). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Id. (internal quotation marks omitted). "Evidence is necessary if it furnishes part of the context of the crime." Id. (internal quotation marks omitted). And, it is reliable "unless it is so preposterous that it could not be believed by a rational and properly instructed juror." Id. at 1378 (internal quotation marks omitted). Rule 403 states in pertinent part that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. We review a decision by the district court to admit evidence for an abuse of discretion. See Chin, 83 F.3d at 87.

Appellants first challenge the admission of testimony by Willie Wilson that Johnson told him during a trip to obtain cocaine base that "if anybody ever told on me, I would kill them and their family, beginning with their family." J.A. 455. That statement, made while the parties were acting in furtherance of the conspiracy, was most assuredly inextricably intertwined with and part of the same criminal episode as the charged conspiracy. We conclude that the district court did not abuse its discretion in admitting evidence of this threat.

Appellants next contend that Rules 404(b) and 403 precluded the district court from admitting testimony by Wilson that there was "a code in the street ... [t]hat snitches never live." J.A. 454. Because this testimony was not evidence of a threat or other prior bad act, Rule 404(b) does not preclude its admission. For the same reason, the admission of the statement carried with it very little danger of unfair prejudice. We therefore do not believe that the district court abused its discretion in admitting this evidence.

Appellants finally maintain that the district court abused its discretion in admitting the testimony of Wade Barber that his brother had received a telephone call during which the caller said that if Wade and his brother testified, their sister would be killed. The caller was not identified. Assuming that the district court erred in admitting this evi-

5

dence, however, we are confident that the verdict was not substantially swayed by the admission of the evidence. <u>See United States v. Ince</u>, 21 F.3d 576, 583 (4th Cir. 1994) (citing <u>Kotteakos v. United States</u>, 328 U.S. 750, 765 (1946)). The evidence of Appellants' guilt produced by the Government during their eight-week trial was overwhelming, and the evidence of this anonymous threat had little potential for prejudice, particularly considering that the court already had admitted evidence of the "code of the street" and Johnson's stated intent to kill any witness against him and the witness' family.

III.

In sum, the district court did not commit reversible error in admitting the evidence of which Appellants complain. Further, after careful consideration, we conclude that Appellants' other allegations of error are without merit. Accordingly, we affirm.

<u>AFFIRMED</u>

6